**FILED**
**JANUARY 23, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JASON BLAHNIK,<br><br>  on behalf of himself and all others similarly situated,<br><br>           Plaintiff,<br><br>  vs.<br><br>LIFE TIME FITNESS INC.,<br><br>           Defendant. | Case No. **08 C 497**<br><br>Judge<br><br>Magistrate Judge **JUDGE GOTTSCHALL**<br>**MAGISTRATE JUDGE DENLOW** |

## CLASS ACTION COMPLAINT

Individual and representative Plaintiff, Jason Blahnik, by and through his attorney, respectfully represents as follows:

### INTRODUCTION

1. In this action, Plaintiff, on behalf of himself and all others similarly situated, seeks redress for the Defendant's violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.* as set forth herein. Plaintiff seeks statutory damages, punitive damages, costs and attorney fees pursuant to 15 U.S.C. § 1681n or, alternatively, actual damages, costs and attorney's fees pursuant to 15 U.S.C. § 1681o.

### JURISDICTION AND VENUE

2. Federal question jurisdiction arises under the FCRA, 15 U.S.C. § 1681 *et seq.*

3. Venue is proper in the Northern District of Illinois pursuant to section 1681p of the FCRA and 28 U.S.C. § 1391.

## PARTIES

4. Plaintiff, Jason Blahnik, is a natural person, a resident of Hinsdale, Illinois and a "consumer" as defined by section 1681a(c) of the FCRA.

5. Defendant Life Time Fitness Inc. ("Life Time") is a corporation based in Minnesota and is subject to the jurisdiction of this court.

## STATUTORY STRUCTURE

6. Any person who willfully fails to comply with any requirement imposed under the FCRA with respect to any consumer is liable to that consumer in an amount equal to the sum of any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000; such amount of punitive damages as the court may allow; and the costs of the action together with reasonable attorney's fees. 15 U.S.C. § 1681n.

7. Any person who is negligent in failing to comply with any requirement imposed under the FCRA with respect to any consumer is liable to that consumer in an amount equal to the sum of any actual damages sustained by the consumer as a result of the failure and the costs of the action together with attorney's fees. 15 U.S.C. § 1681o.

## FACTS

8. On November 29, 2007, Plaintiff used his credit card to make a purchase from Life Time and received an electronically printed receipt (attached hereto as Exhibit A).

9. Exhibit A includes the expiration date of the credit card used by the Plaintiff to make his purchase.

10. By printing the expiration date of the Plaintiff's credit card on his receipt, Life Time needlessly subjected the Plaintiff to an increased risk of identify theft and credit card fraud.

## CAUSE OF ACTION

### COUNT I – Willful Failure to Comply with the FCRA

11. The Fair and Accurate Credit Transactions Act of 2003 (FACTA) amended the FCRA to prohibit any person that accepts credit or debit cards for the transaction of business from printing more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction. 15 U.S.C. § 1681c(g)(1).

12. In enacting this provision, Congress phased-in compliance for all merchants over three years. FACTA required full compliance with this provision no later than December 4, 2006.

13. On information and belief, Life Time is a person that accepts credit and debit cards for the transaction of business.

14. On information and belief, Life Time knew or should have known of the requirements of Section 1681c(g)(1) with respect to the printing of the expiration date of a credit or debit card on any receipt provided to a consumer at the point of sale or transaction, having been informed of those requirements by credit card companies with which it does business.

15. On information and belief, the truncation requirements were widely publicized among retailers and the public at large well in advance of the subsection's effective date.

16. Life Time willfully failed to comply with the FCRA by including the expiration date of the Plaintiff's credit card on the receipt it provided to him.

### COUNT II – Negligent Failure to Comply with the FCRA

17. Plaintiff incorporates ¶¶ 1-15 into this count.

18. Life Time negligently failed to comply with the FCRA by including the expiration date of the Plaintiff's credit card on the receipt it provided to him.

### CLASS ALLEGATIONS

19. Plaintiff brings this action on behalf of himself and all similarly situated persons within the United States who used their credit or debit card in any sale or transaction occurring after December 4, 2006, with Life Time and were provided with an electronically printed receipt displaying either more than the last five digits of the person's credit or debit card and/or the expiration date of the person's credit or debit card.

20. All proposed class members of this class seek relief under the same legal theories, under the provisions of 15 U.S.C. §§ 1681n and 1681o, as set forth hereinabove, so that the claims of the representative plaintiff are typical of the claims of all proposed class members.

21. The questions of law and fact set forth in the Complaint are common to all class members. The principle issue is the Defendant's violation of section 1681c(g) of the FCRA.

22. The class is sufficiently numerous that joinder of all members is impractical.

23. Plaintiff has the same claims as the members of the class. All of the claims are based on the same legal theories.

24. Plaintiff will fairly and adequately represent the interests of the class members. He is committed to vigorously litigating the matter. Plaintiff has retained counsel with extensive experience with the FCRA and amendments made thereto by the Fair and Accurate Credit Transactions Act of 2003. Neither the Plaintiff nor his counsel has any interests which might cause them to fail to vigorously pursue this claim

25. A class action is a superior method for the fair and efficient adjudication of this controversy.

26. The interest of the class members in individually controlling the presentation of separate claims against the Defendant is small because the maximum statutory damages in an individual FCRA action is $1,000.00.

27. This action should be maintained as a class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure because common issues, as set forth hereinabove, predominate over any individual issues, and because class action is superior to other methods available for resolution of this controversy.

28. Plaintiff and class members are entitled to and hereby request a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendant, including where appropriate:

(A) Actual damages;

(B) Statutory damages;

(C) Punitive damages;

(D) Attorney's fees and costs incurred in this action; and

(E) Any other relief the Court deems just and appropriate.

DATED: January 23, 2008　　　　　　　　Respectfully submitted,

s/ Alex Hageli
Alex Hageli
LAW OFFICE OF ALEX M. HAGELI
435 South Cleveland Avenue, Suite 306
Arlington Heights, IL  60005
(847) 392-4832
alex@hageli.com

**ATTORNEY FOR PLAINTIFF**