UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JASON BLAHNIK,<br><br>On behalf of himself and all others similarly situated,<br><br>Plaintiff.<br><br>vs.<br><br>LIFE TIME FITNESS, INC.,<br><br>Defendant. | Civil No. 08-C-497<br><br>Hon. Joan B. Gottschall<br><br>Magistrate Judge Denlow |

## ANSWER TO CLASS ACTION COMPLAINT

For its answer to Plaintiff's Class Action Complaint, Defendant Life Time Fitness, Inc. states that except as specifically admitted or qualified below, Life Time denies every allegation in the Complaint and denies that Plaintiff is entitled to any relief.

## INTRODUCTION

1.  Life Time denies that it violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*. With respect to the remaining allegations in Paragraph 1, Life Time admits that Plaintiff is seeking such relief, but denies that Plaintiff is entitled to such relief.

## JURISDICTION AND VENUE

2.  Life Time admits the allegations in Paragraph 2.

3.  Life Time admits the allegations in Paragraph 3.

## PARTIES

4. Life Time lacks sufficient knowledge to admit or deny the allegations in Paragraph 4.

5. Life Time admits the allegations in Paragraph 5.

## STATUTORY STRUCTURE

6. The allegations in Paragraph 6 are legal contentions to which no answer is required. To the extent an answer is required, Life Time states that 15 U.S.C. § 1681n speaks for itself.

7. The allegations in Paragraph 7 are legal contentions to which no answer is required. To the extent an answer is required, Life Time states that 15 U.S.C. § 1681o speaks for itself.

## FACTS

8. Life Time admits that on November 29, 2007, Plaintiff used his credit card to make a purchase from Life Time and received an electronically printed receipt from its point-of-sale terminal that complied in all respects with the Fair and Accurate Credit Transactions Act of 2003 ("FACTA"), 15 U.S.C. § 1681c(g)(1). A redacted, true and correct copy of the merchant copy of that receipt is attached as Exhibit 1. Life Time further admits that the merchant copy differs from the customer copy that Plaintiff received in that the customer copy prints only the last four digits of the account number and does not print the card's expiration date. Life Time admits that Plaintiff signed and received the General Terms Agreement attached as Exhibit A to Plaintiff's Complaint, along with the Member Usage Agreement attached hereto as Exhibit 2. Life Time denies that the General Terms Agreement is an electronically printed receipt within the meaning

of FACTA. Life Time further admits that less than one month after November 29, 2007, Plaintiff terminated his membership and received a full refund of the amounts he paid Life Time.

9. Life Time admits that the expiration date of Plaintiff's credit card appears on the face of the General Terms Agreement attached to the Complaint as Exhibit A. Life Time denies that the General Terms Agreement is a receipt for Plaintiff's purchase from Life Time on November 29, 2007 that is subject to FACTA.

10. Life Time denies the allegations in Paragraph 10.

## CAUSE OF ACTION

## COUNT I – WILLFUL FAILURE TO COMPLY WITH FCRA

11. The allegations in Paragraph 11 are legal contentions to which no answer is required. To the extent an answer is required, Life Time states that 15 U.S.C. § 1681c(g)(1) speaks for itself.

12. The allegations in Paragraph 12 are legal contentions to which no answer is required. To the extent an answer is required, Life Time states that 15 U.S.C. § 1681c(g)(3) speaks for itself.

13. Life Time admits the allegations in Paragraph 13.

14. Life Time denies the allegations in Paragraph 14.

15. Life Time lacks sufficient knowledge to admit or deny the allegations in Paragraph 15, and on that basis denies those allegations.

16. Life Time denies the allegations in Paragraph 16.

## COUNT II – NEGLIGENT FAILURE TO COMPLY WITH FCRA

17. Life Time incorporates all prior responses to each and every paragraph of the Complaint.

18. Life Time denies the allegations in Paragraph 18.

## CLASS ALLEGATIONS

19. Life Time denies the allegations in Paragraph 19.

20. Life Time denies the allegations in Paragraph 20.

21. Life Time denies the allegations in Paragraph 21.

22. Life Time denies the allegations in Paragraph 22.

23. Life Time denies the allegations in Paragraph 23.

24. Life Time denies the allegations in Paragraph 24.

25. Life Time denies the allegations in Paragraph 25.

26. Life Time denies the allegations in Paragraph 26.

27. Life Time denies the allegations in Paragraph 27.

28. Paragraph 28 asserts a legal conclusion to which no responsive pleading is required. To the extent an answer is required, Life Time denies the allegations in Paragraph 28.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof where it otherwise lies with Plaintiff, and reserving the right to amend this answer to assert additional affirmative that it may discover, Life Time asserts the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

The Complaint and each of its purported causes of action fail to state a claim against Life Time upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Conformance with Standards)

The Complaint and each of its purported causes of action are barred, in whole or in part, because Life Time's conduct was in conformity with and was pursuant to applicable statutes, governmental regulations, and orders administered by a federal agency, and with industry standards. At all times material to Plaintiff's complaint, Life Time's electronically printed credit card receipts from its point-of-sale terminals complied in all respects with FACTA.

### THIRD AFFIRMATIVE DEFENSE
### (Contractual Provisions and Conditions)

Plaintiff's claims are barred in whole or in part by the terms in Plaintiff's contracts with Life Time, including the General Terms Agreement and Member Usage Agreement signed by Plaintiff on November 29, 2007.

### FOURTH AFFIRMATIVE DEFENSE
### (No Willful Non-Compliance)

Life Time's alleged noncompliance was not willful, and therefore Plaintiff is not entitled to any alleged punitive or statutory damages.

### FIFTH AFFIRMATIVE DEFENSE
### (No Negligent Non-Compliance)

Life Time's alleged noncompliance was not negligent, and therefore Plaintiff is not entitled to any damages.

### SIXTH AFFIRMATIVE DEFENSE
(Unclean Hands)

The Complaint and each of its alleged causes of action are barred, in whole or in part, by the doctrine of unclean hands.

### SEVENTH AFFIRMATIVE DEFENSE
(Failure to Mitigate Damages)

Plaintiff failed to mitigate damages, if any, by failing to take steps to protect the privacy of his information.

### EIGHTH AFFIRMATIVE DEFENSE
(Due Process)

Any award of statutory or punitive damages would violate the Due Process Clause of the Fifth Amendment to the United States Constitution.

### PRAYER FOR RELIEF

WHEREFORE, Life Time prays:

1. That Plaintiff recover nothing by way of the Complaint and that the action be dismissed with prejudice;

2. For its attorneys' fees in connection with this action, 15 U.S.C. § 1681n and 1681o;

3. For its costs and disbursements in connection with this action; and

4. For such other and further relief as this Court may deem just and proper.

(Remainder of page intentionally left blank)

Date:   May 1, 2008                                         Respectfully submitted,

                                                                LIFE TIME FITNESS, INC.

                                                                By: /s/    Henry M. Baskerville
                                                                         One of Its Attorneys

Aaron D. Van Oort (MN Bar No. 315539)
Faegre & Benson LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN  55402-3901
612-766-8138
AVanOort@faegre.com

Jonathan M. Cyrluk (Ill. Bar No. #6210250)
Henry M. Baskerville (Ill. Bar No. #6285712)
STETLER & DUFFY, LTD.
11 South LaSalle Street, Suite 1200
Chicago, IL 60603
(312) 338-0200
jcyrluk@stetleranduffy.com
hbasker@stetleranduffy.com

**CERTIFICATE OF SERVICE**

      I, Henry Baskerville, an attorney, certify that I caused copies of **Defendant Life Time Fitness, Inc.'s Answer to Plaintiff's Complaint** to be served via the Court's CM/ECF system on the attorney listed below this 1st day of May, 2008.

                                                  /s/    Henry M. Baskerville

To:    Alex Hageli
         Law Office of Alex M. Hageli
         435 South Cleveland Ave., Suite 306
         Arlington Heights, IL 60005
         847-392-4832
         alex@hageli.com
         *Attorney for Plaintiff*